JOHN GUSTIN *vs.* INHABITANTS OF SCHOOL DISTRICT NUMBER FIVE IN DANVERS.

Any subdivision of one school district which has been altered within ten years is within the prohibition of *St.* 1849, c. 206, that "no town shall be districted anew for school purposes, so as to change the taxation of lands of proprietors into districts using different school-houses, oftener than once in ten years."

ACTION OF CONTRACT to recover back money assessed on the plaintiff for the building of a school-house and paid by him under protest. The case was submitted to the judgment of the court upon these facts :

At a meeting on the 7th of April 1856, the town of Danvers voted to alter the lines of several of the school districts, and among them of District No. 5, which lost seven scholars by the alteration. At a meeting on the 23d of June 1856, the town voted to divide District No. 5 into two districts, one to be called No. 5 and the other No. 8, which last contained no part of what had been added to District No. 5 by the vote of April 7th. The inhabitants of District No. 5 afterwards voted to build a new school-house, and, in order to raise money for that purpose, assessed the tax in question on the inhabitants of so much of the district as had not been set off as District No. 8.

*O. P. Lord*, for the plaintiff.

*S. B. Ives, Jr. & J. B. Peabody*, for the defendants. The *St.* of 1849, c. 206, only provides that "no town shall be districted anew for school purposes, so as to change the taxation of lands of proprietors into districts using different school-houses, oftener than once in ten years." It prohibits a redistricting of the whole town ; not the subdivision of one district. It applies only to such a districting anew "as to change the taxation of proprietors into districts using different school-houses ; " not to this case, in which it is agreed that the second vote did not affect any land which had been affected by the first.

DEWEY, J. The decision of the present case depends upon the construction to be given to the *St.* of 1849, c. 206. That a

change of the territorial limits of School District No. 5 in Danvers, and one that somewhat affected the rate of taxation of lands in the district, was made by the town by their vote of June 23d 1856, is conceded in the facts stated by the parties. The present tax was voted and assessed in reference to the school district as constituted by that vote. Was this change in District No. 5 in violation of the statute above cited ?

The defendants insist that this statute only forbids the redistricting of the whole town, and not a change in a portion of the school districts. We cannot adopt that construction, but suppose it to be intended to protect the inhabitants of a town from too frequent or double taxation for building schoolhouses, and other expenses incident to a change in the territorial limits of school districts. The evil apparently intended to be remedied by the statute might equally arise from a change in a portion of the districts as from a change made in all.

The language of this statute is somewhat obscure, and objection might be taken to the use of the words, " so as to change the taxation of the lands of *proprietors,*" as the most appropriate words to express the real estate of the inhabitants of the district. But the same form of expression is adopted in the additional statute of 1851, *c.* 303, which has strongly confirmed us in the opinion that the first named act was intended to restrain towns from changing the territorial limits of school districts, in such manner as to affect taxation of real estate, oftener than once in ten years. The additional act gave a full opportunity to each town once to make any changes in the districts within ten years after the passage of the first act, and was enacted to secure that object. This seems to assume as the construction of the original act a restriction of the alterations to the period of ten years, and provide that no change in the districts before the act of 1849 shall debar the town from redistricting once after the passage of that act.

The town of Danvers had made changes in their school districts, and redistricted the town by their vote of April 7th 1856. This under these statutes had exhausted their powers ; and the vote of June 23d 1856, making further changes in the district

was unauthorized, and a tax voted and assessed upon School District No. 5, as constituted by this latter vote, was an illegal assessment, and the plaintiff is entitled to recover the money he has paid in discharge of the tax assessed and collected of him.

*Judgment for the plaintiff.*